# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MARTINEZ AZDAR,<br><br>Plaintiff,<br><br>v.<br><br>WRESTON, et al.,<br><br>Defendants. | Case No. 1:19-cv-01064-SAB (PC)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Victor Martinez Azdar ("Plaintiff") is a state prisoner appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed August 2, 2019. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation ("CDCR") and is housed at the California Correctional Institution-Tehachapi ("CCI").

On May 5, 2018, while housed at the Kings County Jail, Plaintiff jumped off his top bunk and slipped on the floor that was wet due to the toilet flooding. Plaintiff hurt the back of his neck, upper and lower back, both his shoulders and his feet. Plaintiff requested medical attention and was sent to the jail's medical unit. Plaintiff complained of pain and was sent back to his cell without seeing a doctor, receiving x-rays, or pain medication. Over a week later, x-rays were taken and Plaintiff was informed that he was fine and there were no problems.

Based on Plaintiff's pain level he was convinced that something was wrong. He made requests to see "real doctors" not just nurses that kept telling him he was fine. Plaintiff requested a CT scan to determine if there were any hairline fractures that were causing his pain. Plaintiff

was denied a CT scan or an MRI.

On June 3, 2018, Plaintiff filed a medical grievance complaining that he wanted to see a doctor and was being denied x-rays and medical care. Plaintiff submitted over ten requests for medical treatment and over three grievances but his primary care providers, Drs. Wreston and Chi Chuan Kamitiski would not see him.

Plaintiff was transferred to the CDCR and was housed at CCI. Plaintiff immediately informed medical staff that he had fallen and was in pain. Plaintiff did not see a doctor and sent in medical requests on December 4, 2018; January 30, 2019; February 22, 2019; and April 2019. Plaintiff filed a grievance form that was returned unprocessed on May 7, 2019 because he had used the wrong form. Plaintiff was advised to submit his appeal on the correct form and that he was scheduled to be seen on or before May 17, 2019. Plaintiff mailed his grievance on May 10, 2019.

On May 13, 2019, Plaintiff was among other inmates who were discussing that correctional officers would retaliate against you if you file an inmate appeal, so he has not pursued his appeal because he was afraid. Plaintiff continues to suffer constant pain at a level of nine out of ten.

Plaintiff brings this action against Drs. Wreston and Kamitiski and an unidentified doctor at CCI in their individual and official capacities alleging deliberate indifference. Plaintiff is seeking injunctive, declaratory, and monetary relief.

For the reasons discussed below, Plaintiff has failed to state any cognizable claims in this action. Plaintiff shall be provided with the opportunity to file an amended complaint to correct the deficiencies identified in this order.

**III.**

**DISCUSSION**

**A.    Joinder**

Initially, Plaintiff is advised that he is attempting to bring claims that are improperly joined and cannot proceed in this action. A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows a plaintiff to add multiple claims to the

3

lawsuit when they are against the same defendant. Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is not only intended to avoid confusion that arises out of bloated lawsuits, but also to ensure that prisoners pay the required filing fees for their lawsuits and prevent prisoners from circumventing the three strikes rule under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

The Court advises Plaintiff that each claim that is raised in his amended complaint must be permitted by either Rule 18 or Rule 20. Plaintiff may state a single claim against a single defendant. Plaintiff may then add any additional claims to his action that are against the same defendant under Rule 18. Fed. R. Civ. P. 18. Plaintiff may also add any additional claims against other defendants if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined. The fact that Plaintiff's claim all arise due to the failure to provide medical care do not make them related.

Plaintiff cannot bring claims for the failure to provide care while he was housed in the King County Jail in the same suit with his claims that he was not provided medical care at CCI. Plaintiff must determine whether he seeks to bring this action against the Kings County Jail defendants or the state defendants and the amended complaint should only allege claims against those defendants.

**B.  Official Capacity Claims**

Plaintiff states that he is bringing his claims against the named defendants in their individual and official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). A suit brought against

4

government officials in their official capacity is generally equivalent to a suit against the government itself. McRorie v. Shimoda, 795 F.2d 780, 783 (9th Cir. 1986). Therefore, officials may be held liable if "'policy or custom' . . . played a part in the violation of federal law." McRorie, 795 F.2d at 783 (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985). The official may be liable where the act or failure to respond reflects a conscious or deliberate choice to follow a course of action when various alternatives were available. Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002) (quoting City of Canton v. Harris, 489 U.S. 378, 389 (1989); see Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). Plaintiff cannot seek monetary damages for his claims against any defendant in his official capacity.

Further, the complaint is devoid of allegations that any alleged deprivation was based upon a policy or custom. To state a claim, Plaintiff must specifically identify the policy or custom that he alleges was the cause of the constitutional violation. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 403 (1997). Further, plaintiff cannot show "the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." Davis v. City of Ellensburg, 869 F.2d 1230, 1233 (9th Cir. 1989). Plaintiff has failed to allege facts to support a claim against any defendant in their official capacity.

**C.  Section 1983**

Section 1983 provides a cause of action for the violation of a plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long, 442 F.3d at 1185; Jones, 297 F.3d at 934. To state a claim under section 1983, a plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long, 442 F.3d at 1185. There is no *respondeat superior* liability under section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. The allegations in the complaint must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. Id.; Simmons v. Navajo County, Ariz., 609 F.3d 1011,

1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

1. Deliberate Indifference to Serious Medical Needs

Although not clear from Plaintiff's complaint, the Court shall assume for the purposes of screening that Plaintiff was a pretrial detainee while housed at the Kings County Jail. "Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). "Under both clauses, the plaintiff must show that the prison officials acted with "deliberate indifference." Castro, 833 F.3d at 1068.

a. **Fourteenth Amendment**

The standard to prove deliberate indifference under the Eighth Amendment is clear. Castro, 833 F.3d at 1068. However, in Castro the Ninth Circuit found that the Supreme Court's decision in Kingsley v. Hendrickson, 135 S.Ct. 2466 (2015) had cast doubt on whether the same deliberate indifference standard applied in the context of a pretrial detainee's claim for failure to protect. Castro, 833 F.3d at 1069. Ultimately, the Castro court held that in the case of a pretrial detainee bringing a claim for excessive force or failure to protect a purely objective standard applied. Id. at 1071. Recently, the Ninth Circuit held that a pretrial detainee's claim for violation of the right to adequate medical care under the Fourteenth Amendment is evaluated under that same objective deliberate indifference standard. Gordon v. Cty. of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018), cert. denied sub nom. Cty. of Orange, Cal. v. Gordon, 139 S. Ct. 794 (2019); Horton by Horton v. City of Santa Maria, 915 F.3d 592, 602 (9th Cir. 2019).

For a pretrial detainee to state a claim for deliberate indifference to medical needs he must allege that "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high

degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Gordon, 888 F.3d at 1125. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.' " Id. (quoting Castro, 833 F.3d at 1071).) " '[M]ere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Id. Therefore, the plaintiff must "prove more than negligence but less than subjective intent— something akin to reckless disregard." Id.

After his injury, Plaintiff received x-rays which were negative. While Plaintiff alleges that he requested to see a "real doctor" and to have CT scan, he has failed to allege any facts that either doctor intentionally denied his requests for medical care. Based on the attachment to Plaintiff's complaint, it appears that Dr. Kamitiski read Plaintiff's x-rays and prepared a report finding no gross fracture of the cervical spine and no acute fracture or dislocation of the thoracic spine. (Health Care Grievance, ECF No. 1 at p. 19.) Other than conclusory allegations that Drs. Wreston and Kamitiski were his primary physicians and they denied his requests, there are no facts alleged by which the Court can reasonably infer that either Dr. Wreston or Dr. Kamitiski objectively knew of Plaintiff's medical needs and made an intentional decision with respect to Plaintiff's medical care. Iqbal, 556 U.S. at 678. Plaintiff has failed to state a cognizable claim against Dr. Wreston or Dr. Kamitiski.

b. **Eighth Amendment**

While Plaintiff is entitled to medical care while incarcerated, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To state a claim a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439

F.3d at 1096). "Deliberate indifference is a high legal standard," Simmons, 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

Further, "[a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, a plaintiff is required to show that the course of treatment selected was "medically unacceptable under the circumstances" and that the defendant "chose this course in conscious disregard of an excessive risk to plaintiff's health." Snow, 681 F.3d at 988 (quoting Jackson, 90 F.3d at 332).

Plaintiff has failed to allege any facts to demonstrate that the unidentified doctor was aware that Plaintiff had a serious medical need. To state a claim under the Eighth Amendment, Plaintiff must allege sufficient facts to show that the defendant was aware that he had a serious medical need and conclusory allegations that the defendant knew of the need and bare recitals of the elements of the cause of action are insufficient. Further, Plaintiff is receiving pain medication, (ECF No. 1 at 19), and his allegations that he needs an MRI or a CT scan are merely a difference of opinion with the treatment provided that is insufficient to state a claim for deliberate indifference. Snow, 681 F.3d at 987.

Finally, Plaintiff states that he filed his administrative grievance on May 10, 2019 and has

not received a response. Plaintiff contends that due to fear of retaliation he has not further pursued the appeal, but general and unsubstantiated fears about possible retaliation are not sufficient to excuse exhausting administrative remedies. Rodriguez v. Cty. of Los Angeles, 891 F.3d 776, 794 (9th Cir. 2018). It would appear that Plaintiff has failed to exhaust administrative remedies at CCI for his deliberate indifference claim.

### D. Injunctive Relief

In his complaint, Plaintiff requests injunctive relief. Any award of equitable relief in this action is governed by the Prison Litigation Reform Act ("PLRA"), which provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Thus, the federal court's jurisdiction is limited in nature and its power to issue equitable orders may not go beyond what is necessary to correct the underlying constitutional violations which form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).

Prisoners who have been released from prison or transferred to a different prison may not sue for injunctive relief, because they would no longer benefit from having the injunction issued. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (citing Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); and Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986)). Since Plaintiff is no longer housed at the Kings County Jail, he cannot receive injunctive relief requiring the provision of medical care based on those claims.

## IV.

## CONCLUSION AND ORDER

For the reasons discussed, Plaintiff has failed to state a cognizable claim for a violation of his constitutional rights in this action. Plaintiff shall be granted leave to file an amended

complaint to cure the deficiencies identified in this order. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk of the Court shall send Plaintiff a civil rights claim form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
3. <u>If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed consistent with the reasons stated in this order.</u>

IT IS SO ORDERED.

Dated: __**August 9, 2019**__

UNITED STATES MAGISTRATE JUDGE