# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MARTINEZ AZDAR,<br><br>    Plaintiff,<br><br>    v.<br><br>WRESTON, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01064-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 8] |

Plaintiff Victor Martinez Azdar is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed September 11, 2019.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

The alleged incident took place while Plaintiff was housed at the Kings County Jail, and Plaintiff names Dr. Wreston, Dr. Kamitiski, and Does 1 through 5, as Defendants.

On May 5, 2018, while Plaintiff was housed at the Kings County Jail, he woke up to get his lunch. Plaintiff jumped off his upper bed bunk and slipped on the wet floor caused by the toilet flood. Plaintiff landed hard on his feet, slipped and landed hard on his back. Plaintiff felt intense pain in the back of his head, both his feet, back of his neck, and upper and lower back and shoulders.

Plaintiff immediately called for the deputy to allow him to get to medical. After submitting medical request slips and informing prison staff of his need for medication attention, Plaintiff was delayed an entire week before x-rays were taken. The medical providers indicated that Plaintiff was fine and that nothing was wrong with him. The x-rays were only taken to determine the extent of injury to Plaintiff's spine, and not his feet, shoulders or neck. The x-rays were not adequate to determine the injury to the spine because an MRI or CT scan was necessary. Medical personnel failed

to take into account the full extent of Plaintiff's injuries, and he suffers extreme pain in his right shoulder and cannot lift his arm above his head. Plaintiff also suffers pain in his lower back. Plaintiff made requests for an MRI or CT scan, but doctors would say he was "fine" or "you look okay."

On June 3, 2018, Plaintiff filed a medical grievance requesting to be examined by a doctor. Plaintiff submitted over ten medical requests for assistance to no avail. Doctors Wreston and Chi Chuan Kamitiski refused to see Plaintiff and provide medical treatment.

## III.

## DISCUSSION

### A.  Deliberate Indifference to Serious Medical Need

Although it is not entirely clear from the first amended complaint, the Court assumes that Plaintiff was a pretrial detainee while he was housed at the Kings County Jail.

For a pretrial detainee to state a claim for deliberate indifference to medical needs he must allege that "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." Gordon v. City of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018), cert. denied sub nom. Cty. of Orange, Cal. v. Gordon, 139 S.Ct. 794 (2019); Horton by Horton v. City of Santa Maria, 915 F.3d 592, 602 (9th Cir. 2019). "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.' " Gordon, 888 F.3d at 1125 (quoting Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016).) " '[M]ere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." Gordon, 888 F.3d at 1125. Therefore, the plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." Id.

///

///

After his injury, Plaintiff received x-rays which were negative. While Plaintiff alleges that he requested to have an MRI and/or CT scan, he has failed to allege any facts that either doctor intentionally denied his requests for medical care. Other than conclusory allegations that Drs. Wreston and Kamitiski were his primary physicians and they denied his requests, there are no facts alleged by which the Court can reasonably infer that Dr. Wreston, Dr. Kamitiski, and/or Does 1 through 5 objectively knew of Plaintiff's medical needs and made an intentional decision with respect to Plaintiff's medical care. Iqbal, 556 U.S. at 678. Further, Plaintiff's grievances attached to his amended complaint demonstrate that Plaintiff continues to be evaluated and medication provided. (First Am. Compl. at pp. 15-16.)[1] Accordingly, Plaintiff has failed to state a cognizable claim against Dr. Wreston, Dr. Kamitiski, or Does 1 through 5.

## IV.

## CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint fails to state a cognizable claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaints, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a due process violation or access to the court, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

///

---

[1] References herein to page numbers are to the Court's ECF pagination headers.

4

Further, for the reasons explained above, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim for relief.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 18, 2019**

UNITED STATES MAGISTRATE JUDGE